# Exhibit A

# Demand Letter and Draft Federal-Court Complaint



GIEGER, LABORDE & LAPEROUSE, L.L.C.

| NEW ORLEANS | HOUSTON |
|---|---|
| 701 Poydras Street, Suite 4800 | 5151 San Felipe, Suite 750 |
| New Orleans, Louisiana 70139 | Houston, Texas 77056 |
| Phone: 504-561-0400 \| Fax: 504-561-1011 | Phone: 832-255-6000 \| Fax: 832-255-6001 |

Kenneth H. Laborde                                                  klaborde@glllaw.com
Law Corporation                                                    Direct Dial: 504-654-1301
Admitted in Louisiana and Texas

July 24, 2018

*Via Certified Mail*

Whitney Oil & Gas, LLC                  Trimont Energy (NOW), LLC
Attn: Hunter Coates                     Attn: Hunter Coates
920 Memorial City Way, Suite 200        920 Memorial City Way, Suite 200
Houston, TX 77024                       Houston, TX 77024
Email: Hcoates@whitneyoilco.com         Email: Hcoates@whitneyoilco.com

        Re:     Demand for Specific Performance of Bonding Obligations Owed under Purchase
                & Sale Agreement Dated June 30, 2015

Gentlemen:

We represent EPL Oil & Gas, Inc. ("EPL") and on its behalf make formal demand for specific performance of certain bonding obligations owed by Whitney Oil & Gas, LLC ("Whitney") and Trimont Energy (NOW), LLC ("Trimont" and together with Whitney, "Buyer") to EPL under that certain Purchase and Sale Agreement dated June 30, 2015, executed by and between EPL and Buyer ("PSA"). Specifically, Section 7.08 of the PSA provides, in relevant part, as follows:

7.08    <u>Bonds, Letters of Credit, Escrow Agreements and Guarantees</u>…At closing, the Assets and Assumed Obligations shall not include and Seller will retain all rights and obligations with respect to the performance bonds in the aggregate amount of $35 Million in favor of Devon Louisiana Corporation (the "**Devon Bonds**") as more particularly identified on <u>Schedule 7.08</u> hereto and all obligations under the Devon Bonds; ***provided, however, Buyer agrees to obtain a replacement bond for the Devon Bonds on or before June 30, 2018 in order that Seller can terminate the Devon Bonds and Buyer thereafter will succeed to all obligations with respect to bonding obligations in favor of Devon Louisiana Corporation, or its successors or assigns with respect to the Assets***…

By way of the Second Amendment to the PSA, dated December 3, 2015, executed by and between EPL, EPL of Louisiana, L.L.C. ("EPL-LA") and Buyer, Section 7.08 was modified to, among other things, add the following language:

Further, notwithstanding anything to the contrary set forth in said <u>Section 7.08</u>, upon execution of this Second Amendment, Trimont and Whitney promptly will arrange for the replacement of that certain Bond identified on Schedule 7.08 of the Purchase and Sale Agreement issued by US Specialty Insurance Co., bearing Bond #B000795, identifying Energy Partners, Ltd., as Principal, and Devon Louisiana Corporation, as Obligee, in the amount of $5,000,000 ("**EPL/Devon $5MM Bond**").  Further, upon Devon Louisiana Corporation's acceptance of the replacement bond in substitution for the EPL/Devon $5MM Bond, Trimont and Whitney will arrange for the release and termination of the EPL/Devon $5MM Bond.  Subject to the terms and provisions of this Second Amendment, the remaining terms and provisions of <u>Section 7.08</u> pertaining to the "Devon Bonds" and the "Trust Agreement" shall remain in force and effect."

Section 7.08 was further modified by the Third Amendment to the PSA, dated January 19, 2017m, executed by and between EPL, EPL-LA and Buyer, to add, in relevant part, the following provisions:

(a)(i)  Aspen American Insurance Company has approved and submitted to Devon Louisiana Corporation a form of bond that, upon approval by Devon, will be issued in replacement of Bond #B000795, issued by US Specialty Insurance Co., identifying Energy Partners, Ltd., as Principal, and Devon Louisiana Corporation, as Obligee, in the amount of $5,000,000 and in connection therewith will arrange for the release and termination of said bond immediately upon issuance of the Aspen Replacement bond.

(a)(ii)  Trimont and Whitney will take such actions and make such arrangements as are necessary in furtherance of the replacement and termination of Bond #B000795 as set forth in subsection (i) above to ensure that such bond is released and terminated as soon as reasonably possible but in any event within sixty (60) days of the date of this Third Amendment.

Despite amicable informal demand for the same and that the obligation is indisputably due and owing, Whitney and Trimont have failed to provide the replacement bond required under the PSA, as amended.

Accordingly and pursuant to the PSA, as amended, formal demand is hereby made that Whitney and Trimont meet their contractual obligations by succeeding to all obligations with respect to bonding obligations in favor of Devon Louisiana Corporation with respect to the assets and obtaining a replacement bond for the Devon Bonds so that EPL can terminate the Devon Bonds.

EPL would like to avoid having to compel performance through resort to the judicial system, but EPL is prepared to do the same, if necessary, in order to protect its interests.  To that end, attached is a draft Complaint for your review that EPL is prepared to file should Whitney and Trimont continue to decline to perform their obligation.

We would appreciate the courtesy of a reply to this letter by no later than July 30, 2018. Please let us know should you have any questions, and we thank you for your cooperation in this matter.

Very truly yours,

Kenneth H. Laborde
Victoria E. Emmerling

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**EPL OIL & GAS, INC.**

**VERSUS**

**WHITNEY OIL & GAS, LLC AND**
**TRIMONT ENERGY (NOW), LLC**

**CIVIL ACTION:**

**SECTION:**

**JUDGE:**

**MAGISTRATE JUDGE:**

**COMPLAINT FOR MANDATORY INJUNCTION**
**COMPELLING SPECIFIC PERFORMANCE**

Plaintiff, EPL Oil & Gas, Inc., for its Complaint for Mandatory Injunction Compelling Specific Performance, with respect, represents:

**THE PARTIES**

1.      Plaintiff, EPL Oil & Gas, Inc. ("Plaintiff" or "EPL"), is a Delaware corporation with its principal place of business in Texas.

2.      Defendant, Whitney Oil & Gas, LLC ("Whitney"), is a Louisiana limited liability company authorized to do and doing business in Louisiana.

3.      Defendant, Trimont Energy (NOW), LLC ("Trimont"), is a Texas limited liability company authorized to do and doing business in Louisiana.

**JURISDICTION AND VENUE**

4.      This Court has jurisdiction over the subject matter of this action pursuant to 43 U.S.C. § 1349(b)(1) of the Outer Continental Shelf Lands Act ("OCSLA") as this action relates to leases located in federal waters off the coast of Louisiana in the Gulf of Mexico.  Specifically, EPL's claims against Whitney and Trimont (collectively, "Defendants") arise out of or in connection with a contract concerning assets located on the outer continental shelf leases, including federal leases BLM 022917, OCS 00352, OCS 00693, OCS 00353, OCS 00694, and

OCS 697 (hereinafter, "OCS leases"), and ultimately concerning bonding obligations for decommissioning and abandonment associated with the wells, property and equipment situated on submerged lands covered by the OCS leases.

5.      Moreover, although EPL's claim against Defendants also concerns non-federal leases, this Court has supplemental jurisdiction over any and all claims related thereto because such claims form a part of the same case or controversy under Article III of the United States Constitution.  Specifically, the relationship of the non-federal leases are so intertwined with, relate to, and/or are inseparable from EPL's claims pertaining to the OCS leases for which this Court has original subject matter jurisdiction that this Court has supplemental jurisdiction over the same pursuant to 28 U.S.C. § 1367.

6.      Venue is proper within the Eastern District of Louisiana pursuant to 43 U.S.C. § 1349(b)(1) because the contract at issue in this case concerns the submerged lands located on the outer continental shelf adjacent to lands situated within the Eastern District of Louisiana.

## FACTS

7.      A Purchase and Sale Agreement dated June 30, 2015 (hereinafter, "PSA"), was entered into by EPL, as Seller, and Defendants as Buyer, under which EPL conveyed numerous oil and gas properties to Defendants.

8.      Prior to the execution thereof, EPL had obtained two performance bonds in favor of Devon Louisiana Corporation to secure future abandonment obligations associated with the oil and gas properties conveyed under the PSA.

9.   Specifically, Aspen American Insurance Company issued bond # SU32710, effective March 31, 2015, to EPL in favor of Devon Louisiana Corporation and in the amount of $30,000,000.00 (individually, "$30MM Bond"), and U.S. Specialty Insurance Company issued

bond # B000795, effective March 31, 2015, to EPL in favor of Devon Louisiana Corporation and in the amount of $5,000,000.00 (individually, "$5MM Bond")(hereinafter collectively, the "Devon Bonds").

10.     Under Section 7.08 of the PSA, as amended, EPL agreed to retain the rights and obligations associated with the Devon Bonds for a period beyond the effective date of the PSA, provided, however, that Defendants agreed to obtain a replacement for the Devon bonds on or before June 30, 2018, in order for EPL to terminate the Devon Bonds and for Defendants to succeed to all obligations with respect to bonding obligations in favor of Devon Louisiana Corporation.

11.     Specifically, Section 7.08 of the PSA, as amended, provides, in relevant part, as follows:

> 7.08   Bonds, Letters of Credit, Escrow Agreements and Guarantees…At closing, the Assets and Assumed Obligations shall not include and Seller will retain all rights and obligations with respect to the performance bonds in the aggregate amount of $35 Million in favor of Devon Louisiana Corporation (the "**Devon Bonds**") as more particularly identified on Schedule 7.08 hereto and all obligations under the Devon Bonds; provided, however, Buyer agrees to obtain a replacement bond for the Devon Bonds on or before June 30, 2018 in order that Seller can terminate the Devon Bonds and Buyer thereafter will "exceed" to all obligations with respect to bonding obligations in favor of Devon Louisiana Corporation, or its successors or assigns with respect to the Assets.

12.     Consistent with the foregoing, Schedule 7.08 to the PSA specifically identifies the Devon Bonds to be replaced by Defendants on or before June 30, 2018, as follows:[1]

1. **Bonds:**

| Surety | Bond # | Eff Date | Exp Date | Billed Premium | Principal | Obligee | Bond Amt. | Description |
|---|---|---|---|---|---|---|---|---|
| Aspen American Insurance Company | SU32710 | 3/31/2015 | 3/31/2016 | $300,000 | Energy Partners, Ltd. | Devon Louisiana Corporation | $30,000,000 | Abandonment Bond - East Bay |
| U S SPECIALTY INSURANCE CO | B000795 | 3/31/2015 | 3/31/2016 | $73,500 | Energy Partners, Ltd | Devon Louisiana Corporation | $5,000,000 | Abandonment Bond - East Bay |

---

[1]     Effective September 1, 2012, Energy Partners, Ltd. changed its name to EPL Oil & Gas, Inc.

13.     On December 3, 2015, the Parties executed the Second Amendment to the PSA, which amended, among other things, the original language of Section 7.08 to change the word "exceed" to "succeed."

14.  In addition, the Second Amendment to the PSA also added the following language to Section 7.08 of the PSA:

> Further, notwithstanding anything to the contrary set forth in said <u>Section 7.08</u>, upon execution of this Second Amendment, Trimont and Whitney promptly will arrange for the replacement of that certain Bond identified on Schedule 7.08 of the Purchase and Sale Agreement issued by US Specialty Insurance Co., bearing Bond #B000795, identifying Energy Partners, Ltd., as Principal, and Devon Louisiana Corporation, as Obligee, in the amount of $5,000,000 ("**EPL/Devon $5MM Bond**").  Further, upon Devon Louisiana Corporation's acceptance of the replacement bond in substitution for the EPL/Devon $5MM Bond, Trimont and Whitney will arrange for the release and termination of the EPL/Devon $5MM Bond.   Subject to the terms and provisions of this Second Amendment, the remaining terms and provisions of <u>Section 7.08</u> pertaining to the "Devon Bonds" and the "Trust Agreement" shall remain in force and effect."

15.     On January 19, 2017, the Parties executed the Third Amendment to the PSA, which further amended Section 7.08 of the PSA to add the following provisions:

> (a)(i)   Aspen American Insurance Company has approved and submitted to Devon Louisiana Corporation a form of bond that, upon approval by Devon, will be issued in replacement of Bond #B000795, issued by US Specialty Insurance Co., identifying Energy Partners, Ltd., as Principal, and Devon Louisiana Corporation, as Obligee, in the amount of $5,000,000 and in connection therewith will arrange for the release and termination of said bond immediately upon issuance of the Aspen Replacement bond.
>
> (a)(ii)  Trimont and Whitney will take such actions and make such arrangements as are necessary in furtherance of the replacement and termination of Bond #B000795 as set forth in subsection (i) above to ensure that such bond is released and terminated as soon as reasonably possible but in any event within sixty (60) days of the date of this Third Amendment.

16.     Although there is no dispute between the Parties as to the replacement bonding owed by Whitney and Trimont and that the obligation is due and owing by Defendants,

Defendants did not and have not obtained the replacement bonds for the Devon Bonds as required under Section 7.08 of the PSA, despite amicable demand for the same.

17.     The importance of these obligations and harm that would be sustained as a failure to perform was expressly contemplated and acknowledged by the Parties in Section 14.13 of the PSA.

18.     Specifically, Section 14.13 of the PSA provides as follows:

> 14.13   <u>Injunctive Relief</u>.   The Parties acknowledge and agree that irreparable damage would occur in the event any of the provisions of this Agreement are not performed in accordance with their specific terms or are otherwise breached.  It is accordingly agreed that the Parties shall be entitled to an injunction or injunctions to prevent breaches of the provisions of this Agreement, and shall be entitled to enforce specifically the provisions of this Agreement, in any court of the United States or any state thereof having jurisdiction, in addition to any other remedy to which the Parties may be entitled under this Agreement or at law or in equity.

19.     Indeed, this provision has borne out as EPL has sustained and will continue to sustain irreparable harm and loss if Defendants are not compelled to perform their undisputed obligation.

20.     Specifically, as a result of Defendants' failure to perform this admitted and undisputed obligation owed to EPL, EPL has been unable to cancel the Devon Bonds, continuing to obligate it thereunder, and concomitant therewith, EPL has also been unable to obtain a release of the original collateral it posted in order to secure the same, forcing the property to continue to be encumbered thereby and exposing it to the risk of forfeiture.

21.     In addition, to the extent Defendants are not compelled to perform their undisputed obligations in obtaining the replacement bond, EPL faces additional and ongoing irreparable harm as it will be forced to post additional collateral (in addition to having to pay additional and increased premiums in addition to those already incurred) in order to continue to

maintain the bonds or, failing that, face forfeiture of the original collateral it posted to secure the Devon Bonds.

## CLAIM FOR MANDATORY INJUNCTION FOR SPECIFIC PERFORMANCE

22.     EPL restates and re-alleges Paragraphs 1-21 of its Complaint as though fully set forth herein.

23.     The PSA required Defendants to obtain a replacement bond for the Devon Bonds.

24.     To date, Defendants failed to obtain the replacement bond for the Devon Bonds as required under the PSA.

25.     Due to Defendants' failure, in addition to general damage due to delay, EPL has been unable to cancel the Devon Bonds or obtain the release of collateral it posted to secure the bonds, resulting in EPL continuing to be obligated and its property to continue to be encumbered and exposed to forfeiture.

26.     In addition, to the extent Defendants are not compelled to perform, EPL faces the irreparable loss of the original collateral or having to unnecessarily encumber additional property (in addition to paying additional and increased premiums) in order to avoid forfeiture of the original collateral.

27.     Accordingly, unless Defendants are compelled to perform their undisputed obligation, EPL will suffer irreparable harm, warranting entry of a mandatory injunction compelling Defendants to specifically perform their obligation to obtain a replacement bond, as required under Section 7.08 of the PSA, as amended.

28.     In the alternative and solely to the extent specific performance in the form of a replacement bond is not immediately available, Defendants should be compelled (unless and until Defendants obtain the required replacement bond) to: (1) pay all premiums post-dating the

6

date when such replacement bonds were due by Defendants, including those already incurred and those required to be incurred moving forward in order to maintain the Devon Bonds; (2) provide sufficient collateral in order to substitute the same in the place of EPL's original collateral securing the Devon Bonds; and (3) provide sufficient collateral to satisfy the additional collateral requirements required to continue to maintain the Devon Bonds.

**WHEREFORE,** EPL Oil & Gas, Inc. prays that:

1. Defendants, Whitney Oil & Gas, LLC and Trimont Energy (NOW), LLC, be ordered to appear and show cause on a date and time fixed by the Court why a mandatory injunction should not be issued in favor of EPL Oil & Gas, Inc.; and

2. After due proceedings are had,

   a. A Mandatory Injunction be entered in its favor and against Defendants, Whitney Oil & Gas, LLC and Trimont Energy (NOW), LLC, compelling Defendants to obtain the replacement bond required under the contract;

   b. To the extent specific performance in the form of a replacement bond is not immediately available, a mandatory injunction be entered in its favor and against Defendants, Whitney Oil & Gas, LLC and Trimont Energy (NOW), LLC, compelling (unless and until said replacement bond is obtained) Defendants to (1) pay all premiums post-dating the date on which such replacement bond was due, including the premiums already incurred and those required to be incurred moving forward in order to maintain the Devon Bonds; (2) provide sufficient collateral in order to substitute the same in the place of EPL's original collateral securing the Devon Bonds; and (3) provide sufficient collateral to satisfy the additional collateral requirements required to continue to maintain the Devon Bonds;

c.  For all costs of these proceedings; and

d.  For all other relief to which EPL Oil & Gas, Inc. may be entitled under the law.

Respectfully submitted,

_____
Kenneth H. Laborde (No. 8067)
Victoria E. Emmerling (No. 33117)
GIEGER, LABORDE & LAPEROUSE, LLC
One Shell Square
701 Poydras Street, Suite 4800
New Orleans, Louisiana 70139
Telephone:     (504) 561-0400
Facsimile:     (504) 561-1011
Email:         klaborde@glllaw.com
               temmerling@glllaw.com

*Counsel for EPL Oil & Gas, Inc.*

8