UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| **EPL OIL & GAS, LLC,**<br><br>*Plaintiff*,<br><br>vs.<br><br>**TRIMONT ENERGY (NOW), LLC;**<br>**WHITNEY OIL & GAS, LLC**<br><br>*Defendants*. | **CIVIL ACTION NO.: 6:22-CV-208** |

### REPLY MEMORANDUM IN SUPPORT OF MOTION TO REMAND

Plaintiff EPL Oil & Gas, LLC ("EPL"), respectfully submits this Reply in response to the Opposition[1] filed by Trimont Energy (NOW), LLC and Whitney Oil & Gas, LLC (collectively, "Defendants") (R. doc. 12), and in support of its Motion to Remand (R. doc. 7). For the reasons stated in EPL's opening brief and below, the Motion to Remand should be granted.

### The Motion to Remand is Timely

Defendants lament that EPL waited "over two weeks" before moving to remand. A motion to remand for procedural defects has to be filed within 30 days, and where the grounds are lack of subject matter jurisdiction, it only has to be filed before final judgment. 28 U.S.C. § 1447(c). To the extent Defendants imply that EPL did not act timely, EPL disagrees.

---

[1] Local Rule 7(e) requires oppositions to be filed within 14 days. It appears that Defendants' Opposition (R. doc 12) was filed shortly before 10 p.m. on Wednesday, July 6th, 15 days after the Motion to Remand was filed on Tuesday, June 21st.

1318658v.1

- 2 -

**Defendants Reliance on a Draft, Unfiled Complaint is Misplaced**

Defendants place great weight on a ***draft*** Complaint with an Eastern District of Louisiana caption that was sent to them four years ago in July 2018, which they attach to their Opposition. R. doc. 12-2. That draft was never filed, let alone litigated. The reasons why it was never filed are unknown. As EPL already noted, four years ago, it was under different ownership and represented by other counsel.[2] More importantly, as EPL also previously noted, subject matter jurisdiction cannot be created by consent of the parties or counsel, nor is it possible for parties or counsel to waive the right to raise the issue of subject matter jurisdiction.[3]

**The Motion for Remand Cannot be Mooted**

Defendants' Opposition suggests the Motion to Remand could be "moot" if the Court compels arbitration. R. doc. 12, fn. 2. The Fifth Circuit has explained that, under the Supreme Court's decision in *Vaden v. Discovery Bank*, 556 U.S. 49 (2009), a District Court needs subject matter jurisdiction to compel arbitration.[4] *Lower Colorado River Auth'y v. Papalote Creek II, L.L.C.*, 858 F.3d 916, 923 (5th Cir. 2017), *cert. denied* 138 S.Ct. 747 (2018) ("*Vaden*'s holding necessarily implies that ***any of the reasons that a federal court may lack subject matter jurisdiction over the underlying dispute [] would similarly prevent a district court from having jurisdiction to compel arbitration***.") (emphasis supplied). The authorities cited by Defendants, *e.g.*, cases in which a District Court granted a motion to dismiss on *forum non conveniens* grounds,

---

[2] R. doc. 7 at fn. 1.

[3] *Id*.

[4] *See* R. doc. 2 at pp. 7-8 (defense motion asking the court to compel arbitration), R. doc. 2-1 (proposed order asking the Court to compel Plaintiff to arbitrate in Houston).

are distinguishable; while declining to exercise jurisdiction may not require jurisdiction, compelling arbitration does.⁵ The remand motion cannot become moot.

### **The Connection Between this Lawsuit and the OCS is Too Remote.**

The Fifth Circuit states the two-part test for OCSLA jurisdiction as (1) whether "***the activities that caused the injury*** constituted an 'operation' 'conducted on the outer Continental Shelf' that involved the exploration and production of minerals, and (2) the case 'arises out of, or in connection with' the operation." *See, e.g., In re Deepwater Horizon*, 745 F.3d 157, 162 (5th Cir. 2014) (quoting *EP Operating Ltd. P'ship v. Placid Oil Co.*, 26 F.3d 563, 568-69 (5th Cir. 1994)) (emphasis supplied). Defendants give short shrift to the bolded language, and suggest that *any* connection between the operations and the claims – no matter how attenuated, tangential, or remote – is sufficient. The Fifth Circuit, however, recognizes that "one can hypothesize a 'mere connection' between the cause of action and the OCS operation ***too remote to establish federal jurisdiction***." *In re Deepwater Horizon*, 745 F.3d at 163 (emphasis supplied). The several decisions cited by EPL in its opening brief correctly applied that language to situations where, as here, the cause of action is tangential to OCS operations.

While there are cases involving contract disputes where the contract was found to be sufficiently connected to OCS operations to support jurisdiction, the connections there were far more direct and stronger that the connection here. Unlike those other cases (discussed below and in EPL's opening brief), this is not a dispute over who owns or has the right to manage OCS assets, or about liens placed on OCS assets. Nor does the PSA here involve a contractual obligation to provide goods or services in support of OCS operations. And, because the Devon Bonds must remain in place until replaced, production will not cease for want of any bonds being in place.

---

⁵     *See* fn. 3, above.

As discussed in EPL's opening brief, the Devon Bonds were obtained by EPL to protect Ocean Marine, the party from whom EPL purchased assets, from Ocean Marine's exposure to potential future costs and obligations. When Defendants, in turn, purchased the assets from EPL, the PSA required Defendants to replace the Devon Bonds, thereby shifting the burden of protecting Ocean Marine from potential future exposure to the asset's new owner (Defendants).

Defendants argue that, because bonds are required by regulators to secure the performance of potential future plugging and abandonment obligations, that is a sufficient nexus to the OCS. Defendants imply that, if there were *no* bonds in place, production could be affected because they would fall into non-compliance with federal regulations. That is a straw argument. No matter what happens in this case, there will still be bonds in place. The Devon Bonds did not vanish upon Defendants' breach, leaving potential future liabilities unsecured; instead, those bonds must remain in place unless and until replaced. Indeed, that is exactly why we are here.

Unlike the instant case, the dispute in *Cox Operating, L.L.C. v. Expeditors & Production Services Co.*, No. 21-728, 2021 WL 2853060 (E.D. La. July 8, 2021), cited by Defendants, directly affected OCS assets and operations. The court there found the dispute was "***sufficiently*** connected to operations on the OCS." *Id*. at *3 (emphasis supplied). The court found that "Plaintiff's claims in this matter primarily concern: (1) **the legitimacy of the liens … asserted against [plaintiff]'s operating interests on the OCS**," and the defendants' obligations to plaintiff under a master services agreement ("MSA"). *Id*. (emphases supplied). The court described the MSA as an agreement whereby defendants "agreed to provide goods and services to [plaintiff] related to [its] offshore operations." *Id*. at *1. The court found the connection sufficient where one defendant had admitted the liens arose from operations "on the OCS" and encumbered OCS assets.

1318658v.1

*Id*. at *3. And, while other the defendant's services were provided onshore, the court noted the MSA specified they were provided "in connection with [plaintiff's] offshore production." *Id*.

Finally, Defendants' new authority, *EPS Logistics Co. v. Cox Operating, L.L.C.*, No. 21-1003, 2021 WL 2698209 (W.D. La. 6/30/21), unlike this case, involved a direct, strong connection between the claim and the OCS. There, plaintiff alleged its invoices for services had not been paid. Plaintiff had contracted to provide defendant "with dock and dispatching services, assisting in the transportation of personnel, goods and equipment to offshore locations." *Id*. at *2. An affidavit "correlated certain invoices attached to [the] petition to Cox's offshore operations." *Id*. The unpaid invoices at issue thus related to services rendered **on the OCS**. Citing authorities, the court recognized that "some contractual disputes might be **too attenuated** from the exploration for or production of oil or gas from offshore installations **to support OCSLA jurisdiction.**" *Id*. at *3 (emphases supplied). The court found the connection before it sufficient where "**offshore operations are central** to the parties' contractual dispute," and those "operations **would not have been able to continue** without EPS holding up their end of the bargain." *Id*. (emphases supplied).

Here, by contrast to Defendant's authorities, no lien or interest is being asserted against OCS assets, and EPL's claim does not relate to the provision of goods or services – either offshore or onshore – supporting OCS operations. Cases standing for the proposition that jurisdiction lies over contract claims "one step" removed from OCS operations are unavailing. This dispute is too many steps removed. Defendants' onshore, white-collar personnel could discharge the obligation to replace the Devon Bonds by procuring replacement bonds from onshore surety companies. Future obligations will remain secured as long as needed, without interruption, either by the Devon Bonds or replacement bonds. Production will not be affected either way.

Federal jurisdiction is lacking, and the Motion to Remand should be granted.

- 5 -

1318658v.1

Dated: July 13, 2022

Respectfully submitted,

*/s/ Andrew D. Mendez*
Andrew D. Mendez (TX Bar No. 00797066)
Bryant S. York (TX Bar No. 24084866)
    Of
 STONE PIGMAN WALTHER WITTMANN L.L.C.
909 Poydras Street, Suite 3150
New Orleans, Louisiana 70112-4042
Telephone: (504) 581-3200
Fax: (504) 581-3361
Email: amendez@stonepigman.com
      byork@stonepigman.com

And

Martin R. Bennett (TX Bar No. 795037)
    Of
MARTIN R. BENNETT, P.C.
First State Bank Building
E Corsicana St. #302
Athens, TX 75751
Telephone: (903) 675-5151
Fax: (903) 677-4950

*Attorneys for Plaintiff, EPL Oil & Gas, LLC*

## CERTIFICATE OF SERVICE

      I certify that on July 13, 2022, I served upon all counsel of record a true and correct copy of this motion by filing it with the court's CM/ECF system.

*/s/ Andrew D. Mendez*

1318658v.1