IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| EPL OIL & GAS, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CASE NO. 6:22-CV-208-JDK |
| TRIMONT ENERGY (NOW), LLC | § | |
| and WHITNEY OIL AND GAS, LLC, | § | |
| | § | |
| Defendants. | § | |

**TRIMONT AND WHITNEY'S SUR-REPLY IN OPPOSTION
TO EPL'S MOTION TO REMAND**

As detailed in Trimont and Whitney's Opposition,[1] the Court should deny EPL's motion to remand because the Court has subject-matter jurisdiction under the broad jurisdictional provision of the Outer Continental Shelf Lands Act (OCSLA), 43 U.S.C. § 1349(b)(1)(A). Trimont and Whitney submit this Sur-Reply to respond to additional issues raised in EPL's Reply. *See* Local Rule CV-7(f).

***First***, EPL completely ignores the text of OCSLA, which does not require that the injury-causing act take place on the OCS, as EPL improperly asserts. *See* Opposition at 4–6. Instead, EPL seeks to misapply the "typical" test for injury-related

---

[1] EPL suggests that Trimont and Whitney's Opposition was not timely filed. *See* Reply at 1 n.1. But it was. EPL's motion for remand was served via ECF on June 22, 2022 at 6:34 PM CDT. ECF No. 7. And Local Rule CV-5(a)(3)(C) provides that "documents filed electronically after 5:00 p.m. Central Time shall be deemed served on the following day." Thus, the motion was deemed served on June 23. Because Local Rule CV-7(e) gives opposing parties 14 days "from the date the motion was served in which to file a response," Trimont and Whitney had until July 6 to file their Opposition. They met that deadline. *See* ECF No. 12.

1

cases discussed in *Deepwater Horizon* to every OCSLA case, including commercial cases. *See* Reply at 3 (failing to fully quote or address *Deepwater Horizon*'s discussion of how "[c]ourts typically assess jurisdiction under [Section 1349(b)]"). EPL's attempt to parse the language of *Deepwater Horizon* to import an atextual requirement into OCSLA should be rejected. *See Mays v. Chevron Pipe Line Co.*, 968 F.3d 442, 448 (5th Cir. 2020) (Duncan, J) (rejecting Chevron's attempt to parse the "plain language" of a judicial decision "as if it were a statute" where doing so would extend the case beyond its holding and overlook other portions of the decision).

EPL also tries to pluck language out of *Deepwater Horizon* to support its argument but ignores the full context and the court's actual holding. For example, EPL states that "The Fifth Circuit, however, recognizes that 'one can hypothesize a 'mere connection' between the cause of action and the OCS operation too remote to establish federal jurisdiction." Reply at 3. But in doing so, EPL omits (without notation) the rest of that sentence and thus the court's actual holding, which counsel's against EPL's interpretation: namely, that "**this court deems § 1349 to require only a 'but-for' connection**." *Deepwater Horizon*, 745 F.3d at 163 (emphasis added). That is the but-for test that Trimont and Whitney ask the Court to apply here. *See* Opposition at 6–7.

***Second***, EPL's Reply also ignores the applicable Fifth Circuit precedents assessing OCSLA jurisdiction in commercial disputes, including *EP Operating*, *Sea Robin*, and *United Offshore*. And EPL's attempt to distinguish two recent district court decisions is misguided.

2

With respect to *Cox Operating, L.L.C. v. Expeditors & Production Services Co.*, No. 21-728, 2021 WL 2853060 (E.D. La. July 8, 2021), EPL's only distinction appears to be that *Cox* involved liens and this case involves bonds. Reply at 4–5. But EPL fails to explain why that makes any difference—both provide security to ensure payment for work on the OCS. The liens in *Cox* were entered to secure payment for work by a third-party on OCS assets. 2021 WL 2853060, at *2. Similarly, the bonds here were issued to secure payment for the decommissioning and abandonment of OCS assets. Opposition at 13 (citing Exhibit C, Declaration of J. Hunter Coates, at ¶ 7); *see also EP Operating Ltd. P'ship v. Placid Oil Co.*, 26 F.3d 563, 567 (5th Cir. 1994) (holding that an operation under OSCLA includes both "the doing of some physical act on the OCS" and "the cessation of physical acts undertaken upon the OCS"). And here, unlike the liens in *Cox*, the bonds at issue are regulated by U.S. federal agencies because of their connection to OCS assets and activities, giving even more support to the argument that this case falls well within OCSLA's ambit.

As for *EPS Logistics Co. v. Cox Operating, L.L.C.*, No. 6:21-CV-01003, 2021 WL 2698209 (W.D. La. June 30, 2021), EPL correctly notes that the district court explained that "some contractual disputes might be too attenuated from the exploration for or production of oil or gas." 2021 WL 2698209, at *3. But EPL fails to address two examples cited in *EPS Logistics* where the commercial disputes may have been "too attenuated." The first, *Enven Energy Ventures*, dealt with whether or not an insurer breached obligations that it owed to an injured worker under an insurance policy. *Enven Energy Ventures, LLC v. Gemini Ins. Co.*, No. 6:17-CV-01573,

3

2018 WL 3203605, at *3 (W.D. La. June 8, 2018), *report and recommendation adopted*, 2018 WL 3203464 (W.D. La. June 28, 2018). While ultimately the outcome of *Enven* would mean whether or not the insurer had to defend and indemnify against a personal injury claim that arose from injuries sustained on a platform on the OCS, the court determined that this insurance dispute was too attenuated to give rise to OCSLA jurisdiction. And in the second, *Brooklyn Union*, the parties disputed the appropriate purchase price for natural gas under the set formula in their contract. *Brooklyn Union Exploration, Inc. v. Tejas Power Corp.*, 930 F. Supp. 289, 289 (S.D. Tex. 1996). The fact that the gas may have initially originated on the OCS was too attenuated a connection to give rise to OCSLA jurisdiction. Unlike both *Enven* and *Brooklyn Union*, however, the wholly onshore activities that EPS provided to Cox arose "in connection with" activities on the OCS, giving rise to OCSLA jurisdiction. *EPS Logistics*, 2021 WL 2698209, at *3.

As with the liens at issue in *Cox* and the wholly onshore activities in *EPS Logistics*, the dispute at issue here—over federal bonds required to ensure work on the OCS—is sufficiently connected to OCS assets to meet the broad reach of OCSLA's jurisdiction under the correct Fifth Circuit standard.

***Finally***, the Court can and should grant the motion to dismiss and compel arbitration before considering remand. *See* Response at 4, n.2; ECF No. 11 at 2–6. The Court should not rely on *Lower Colorado River Authority v. Papalote Creek II, L.L.C.*, 858 F.3d 916 (5th Cir. 2017). As an initial matter, *Lower Colorado River* does not directly bind this Court because its holding is limited to cases that lack ripeness,

4

whereas here EPL disputes subject-matter jurisdiction. In addition, neither the district court, the Fifth Circuit, nor the parties on petition for certiorari in *Lower Colorado River* ever raised the argument raised here and addressed by the Supreme Court in *Sinochem*—that a federal court has discretion to dismiss a case for any non-merits reason:

> While *Steel Co.* confirmed that jurisdictional questions ordinarily must precede merits determinations in dispositional order, *Ruhrgas* held that there is no mandatory "sequencing of jurisdictional issues." In appropriate circumstances, *Ruhrgas* decided, a court may dismiss for lack of personal jurisdiction without first establishing subject-matter jurisdiction.
>
> Both *Steel Co.* and *Ruhrgas* recognized that a federal court has leeway "to choose among threshold grounds for denying audience to a case on the merits." Dismissal short of reaching the merits means that the court will not "proceed at all" to an adjudication of the cause. Thus, a district court declining to adjudicate state-law claims on discretionary grounds need not first determine whether those claims fall within its pendent jurisdiction. Nor must a federal court decide whether the parties present an Article III case or controversy before abstaining under *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). . . . The principle underlying these decisions was well stated by the Seventh Circuit: "[J]urisdiction is vital only if the court proposes to issue a judgment on the merits."

*Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007) (citations omitted). In fact, no court or party in *Lower Colorado River* ever mentioned *Sinochem* even once. And the Supreme Court's holding in *Sinochem* makes clear that this Court may dismiss the case in favor of mandatory arbitration.

EPL also incorrectly suggests that Trimont and Whitney only cite "cases in which a District Court granted a motion to dismiss on *forum non conveniens* grounds." Reply at 2. Trimont and Whitney cited numerous authorities that specifically address arbitration. *See* ECF No. 11 at 2 (citing *Halliburton Energy Servs., Inc. v. Ironshore*

5

*Specialty Ins. Co.*, 289 F. Supp. 3d 819, 822 (S.D. Tex. 2017), *rev'd and remanded on other grounds by* 921 F.3d 522, (concluding arbitrability was a nonmerits ground and deciding arbitrability before jurisdiction); *Ramasamy v. Essar Glob. Ltd.*, 825 F. Supp. 2d 466, 467 n.1 (S.D.N.Y. 2011) (applying Texas law and dismissing in favor of mandatory arbitration without addressing jurisdiction)); *see also id.* at 2 n.2 (citing five additional cases involving arbitration). From these cases—which do rely on *Sinochem*, unlike *Lower Colorado River*—it is evident that the Court may rule on the motion to dismiss and compel arbitration before it rules on the motion to remand.

## CONCLUSION

For these further reasons, the Court should therefore deny EPL's remand motion, compel arbitration, and dismiss this case.

Dated: July 15, 2022　　　　　　　　　　　　Respectfully submitted,

*/s/ LeElle B. Slifer*
Walter M. Berger
Texas Bar No. 00798063
cberger@winston.com
Brandon W. Duke
Texas Bar No. 24094476
bduke@winston.com
**WINSTON & STRAWN LLP**
800 Capitol St., Suite 2400
Houston, Texas 77002
(713) 651-2600 – Telephone
(713) 651-2700 – Facsimile

LeElle B. Slifer
Texas Bar No. 24074549
lslifer@winston.com
**WINSTON & STRAWN LLP**
2121 N. Pearl St., Suite 900
Dallas, Texas 75201
(214) 453-6500 – Telephone

(214) 453-6400 – Facsimile

***Counsel for Defendants Trimont Energy (NOW), LLC and Whitney Oil & Gas, LLC***

## CERTIFICATE OF SERVICE

I certify that on July 15, 2022, I served upon all counsel of record a true and correct copy of this sur-reply by filing it with the Court's CM/ECF system.

/s/ LeElle B. Slifer
LeElle B. Slifer